WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Patricia L. Penny, Esq., SBN 124969
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200

Attorneys for Defendants OCWEN LOAN SERVICING, LLC and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA HEATH-GILMER, an individual and co-borrower; SEAN C. GILMER, an individual and co-borrower, <br><br> Plaintiffs, <br><br> vs. <br><br> BARCLAYS BANK, PLC, a subsidiary of BARCLAYS PLC, as successor in interest to LEHMAN BROTHERS BANK, FSB, as successor in interest to FINANCE AMERICA, LLC, a business entity; OCWEN LOAN SERVICING, LLC, a business entity; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:13-CV-6558-PSG-MAN <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP Rule 12(b)(6)]** <br><br> Date:   November 4, 2013 <br> Time:   1:30 p.m. <br> Ctrm:   880 <br><br> Removal Filed: September 6, 2013 <br> Complaint Filed:  August 7, 2013 |

## TO THE CLERK OF THIS COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:

-1-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1     **PLEASE TAKE NOTICE** that on November 4, 2013 at 1:30 p.m. in

2 Courtroom 880, of the above-entitled Court, located at 255 East Temple Street,

3 Los Angeles, California 90012, Defendants, OCWEN LOAN SERVICING, LLC

4 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

5 ("Ocwen" and "MERS" respectively), will move this court for an Order

6 dismissing the Complaint ("Complaint") of Plaintiffs, YOLANDA HEATH-

7 GILMER, an individual and co-borrower; SEAN C. GILMER, an individual and

8 co-borrower (collectively the "Gilmers") pursuant to Federal Rule of Civil

9 Procedure ("FRCP") Rule 12(b)(6) for the failure to state a claim upon which

10 relief can be granted.  This motion is made on the grounds that the Gilmers have

11 failed to plead the essential facts which give rise to their claims and/or the claims

12 are barred on their face, as confirmed by matters which may be properly judicially

13 noticed by this court.

14     This motion will be based upon this notice of motion and motion, the

15 attached memorandum of points and authorities, the complete files and records in

16 this action, the Request for Judicial Notice filed concurrently herewith, the oral

17 argument of counsel and upon such other and further evidence as this court might

18 deem proper.

19     Pursuant to Judge's Standing Order, on prior to filing the Notice of

20 Removal, and again on September 10, 2013, Defendants' counsel telephoned

21 plaintiffs' counsel to meet and confer regarding this Motion and potential

22 resolution.  Defendants' counsel left voice mail messages each time, and to date

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

have not received a return call.  Defendants therefore file their motion in compliance with the deadline set by the Federal Rule of Civil Procedure 12.

                                        Respectfully submitted,

                                        **WRIGHT, FINLAY & ZAK, LLP**

Dated: September 13, 2013          By:  */s/ Patricia L/ Penny*
                                        T. Robert Finlay, Esq.
                                        Patricia L. Penny, Esq.
                                        Attorneys for Defendants,
                                        OCWEN LOAN SERVICING, LLC
                                        and MORTGAGE ELECTRONIC
                                        REGISTRATION SYSTEMS, INC.

-3-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................... 1

II.   FACTUAL HISTORY AND COMPLAINT ALLEGATIONS......... ....2

III.  DISCUSSION ........................................................................ 3

    A.   The Standards To Be Applied To A Motion To Dismiss ............... 3

    B.   The Gilmers' Standing Allegation Against MERS Fails
        Under the Facts and the Law ........................................................ 5

    C.   The Gilmers' Non-Disclosure Allegation Against Ocwen
        Fails. ............................................................................................ 7

    D.   The Gilmers' First Claim for Relief for Restitution and
        Rescission Based Upon Breach of Contract Fails .......................... 8

        1.   The Gilmers' Claims are Barred by the Applicable
            Statute of Limitations .......................................................... 8

        2.   Notwithstanding Being Time Barred, the Breach
            of Contract Claim Still Fails ................................................ 8

        3.   Even if the Gilmers were Entitled to Restitution and
            Cancellation/Recission, They Would be Required to
            Tender all Funds Paid on Their Behalf. ................................. 9

        4.   Neither Ocwen nor MERS are Responsible for the
            Acts of the Loan Origination and Therefore Cannot
            be Held Liable for the Gilmers' Breach of Contract
            Claims Accuring from Loan Origination. ............................ 10

    E.   The Gilmers' Second Claim for Relief for Fraud Fails ................ 10

1          1.       The Claim for Relief is Barred by the Applicable
                    Statue of Limitations ........................................................... 10

                   2.       Notwithstanding Being Time Barred, the Fraud
                            Claim Still Fails ...................................................................... 11

          F.       The Gilmers' Fourth Claim for Quiet Title Fails ........................... 12

          G.       The Gilmers' Fifth Claim for Declaratory Relief Fails ................. 13

          H.       The Gilmers' Sixth Claim for Relief for Violation of
                   California Business and Professions Code Section
                   17200 Fails ...................................................................................... 14

          I.       The Gilmers Tenth Claim for Breach of Covenant of
                   Good Faith and Fair Dealing Fails ................................................... 15

IV.     CONCLUSION ............................................................................................. 16

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Almutarreb v. Bank of New York Trust Co., N.A.*
   2012 WL 4371410, *2 (N.D.Cal.2012) ..................................................6

*Alphonzo E. Bell Corp. v. Bell etc Synd.*
   46 Cal. App. 2d 684, 691 (1941)...........................................................9

*Aniel v. GMAC Mortgage, LLC*
   2012 WL 5839706 *4-5 (N.D.Cal., 2012) ...........................................6

*Argueta v. J.P. Morgan Chase*
   (E.D. Cal., June 30, 2011,) 2011 WL 2619060, *5 .............................1

*Armeni v. America's Wholesale Lender*
   2012 WL 253967, *2 (C.D. Cal January 25, 2012) .............................6

*Ashcroft v. Iqbal*
   (2009), 556 U.S., 129 S.Ct. 1937 ........................................................4

*Balistreri v. Pacifica Police Department*
   (9th Cir. 1988) 855 F.2d 1421, 1424....................................................4

*Bascos v. Federal Home Loan Mortgage Corp.*
   2011 WL 3157063 at *6 (C.D. Cal. July 22, 2011) .............................6

*Benham v. Aurora Loan Services*
   2009 WL 2880232 at *3 (N.D.Cal. Sept.1, 2009) ...............................6

*Bower v. AT & T Mobility, LLC*
   196 Cal. App. 4th 1545, 1557 (2011) .................................................11

*Branch v. Tunnell*
   14 F.3d 449, 453-54 (9th Cir. 1994), ...................................................4

*California Ins. Guarantee Ass'n v. Sup. Ct.*
   231 Cal.App.3d 1617, 1623 (1991)......................................................13

1  | *Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
2  |   20 Cal.4th 163, 187 (1999) ................................................................14
3  | *City of Cotati v. Cashman*
4  |   29 Cal. 4th 69, 80 (2009) ................................................................14
5  | *Conley v. Gibson*
6  |   355 U.S. 41, 45-46 (1957)................................................................4
7  | *Dack v. Shanman*
8  |   (S.D.N.Y. 1964) 227 F.Supp. 26, 30................................................4
9  | *Davenport v. Litton Loan Servicing, LP.*
10 |   725 F. Supp. 2d 862, 880 (N.D. Cal. 2010) ....................................10
11 | *De La Cruz v. Tormey*
12 |   (9th Cir. 1978) 582 F.2d 45, 48, <u>cert. denied</u>, 441 U.S. 965 (1979)....................4
13 | *Dooms v. Federal Home Loan Mortg. Corp.*
14 |   2011 WL 1303272, *8-9 (E.D.Cal., 2011)........................................1
15 | *Dumas v. Kipp*
16 |   90 F.3d 386, 393 (9th Cir. 1996)......................................................5
17 | *Durell v. Sharp Healthcare*
18 |   183 Cal. App. 4th 1350, 1367 (2010) ..............................................16
19 | *Freeman v. San Diego Ass'n of Realtors*
20 |   77 Cal.App.4th 171, 178, fn 3 (1999)..............................................9
21 | *Garza v. Am. Home Mortgage*
22 |   2009 WL 188604, *4-5 (E.D. Cal. 2009)..........................................10
23 | *General of America Ins. Co. v. Lilly*
24 |   258 Cal.App.2d 465, 470 (1968)......................................................14
25 | *Gillespie v. Civiletti*
26 |   (9th Cir. 1980) 629 F.2d 637, 640....................................................4
27 | *Gilmore v. Lycoming Fire Ins. Co.*
28 |   55 Cal. 123, 124 (1880)....................................................................9

-2-

1  *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*
2     175 Cal. App. 4th 1306, 1344 (2009) ...........................................................15
3  *Hale v. Sharp Healthcare*
4     (2010) 183 Cal. App. 4th 1373, 1384. ...........................................................15
5  *In re Correia*
6     452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) .........................................................7
7  *Jolly v. Eli Lilly and Co.*
8     44 Cal.3d 1103, 1100 (1988)........................................................................11
9  *Karimi v. Wells Fargo*
10    (C.D. Cal. March 17, 2011) U.S. Dist. LEXIS 47902 .........................................1
11 *Khoury v. Maly's of California, Inc.*
12    (1993) 14 Cal.App.4th 612, 619....................................................................15
13 *Kim v. Sumitomo Bank*
14    17 Cal.App.4th 974, 979 (1993).......................................................................1
15 *Levy v. State Farm Mut. Auto Ins. Co.*
16    150 Cal. App. 4th 1, 5 (2007)...........................................................................9
17 *Lindsay v. America's Wholesale Lender*
18    2012 WL 83475, *3 (C.D. Cal. January 10, 2012) .............................................6
19 *Mabry v. Sup. Ct.*
20    185 Cal. App. 4th. 208, 220-21, 235 (2010). .....................................................8
21 *McKell v. Wash. Mut., Inc.*
22    (2006) 142 Cal.App.4th 1457.........................................................................15
23 *NMSBPCSLDHB v. Cnty. of Fresno*
24    152 Cal. App. 4th 954, 959 (2007) .................................................................10
25 *Nymark v. Heart Federal Savings and Loan Assn.*
26    231 Cal.App.3d 1089, 1096 (1991)...................................................................1
27 *Oaks Management Corp. v. Sup. Ct.*
28    145 Cal.App.4th 453, 466 (2006).....................................................................1

*Parcray v. Shea Mortg. Inc.*
  2010 WL 1659369, at *11-12 ....................................................................7
*Perlas v. GMAC Mortg., LLC*
  187 Cal. App. 4th 429, 434 (2010) .........................................................11
*Poirier v. Gravel*
  88 Cal. 79, 82 (1891)................................................................................9
*Price v. Wells Fargo Bank*
  213 Cal.App.3d 465, 476 (1989)..............................................................1
*Puentes v. Wells Fargo Home Mortg., Inc.*
  (2008) 160 Cal.App.4th 638, 643-655 ..............................................14, 15
*Sami v. Wells Fargo Bank*
  2012 WL 967051, at *5–6 (N.D.Cal.2012)..............................................7
*Saunders v. Sup.Ct.*
  (1999) 27 Cal.App.4th 832, 838...............................................................14
*Shimpones v. Stickney*
  219 Cal. 637, 649 (1934).........................................................................13
*Sipe v. McKenna*
  88 Cal. App. 2d 1001, 1006 (1948).........................................................13
*Smith v. City and County of San Francisco*
  (1990) 225 Cal.App.3d 38, 49.................................................................15
*Solano v. America's Servicing Co.*
  2011 WL 4500874, *10 (E.D. Cal. 2011).................................................13
*Stinson v. Home Insurance Co.*
  (N.D. CA 1988) 690 F.Supp. 882, 886 .....................................................4
*Tarmann v. State Farm Mutual Automobile Insurance Company*
  2 Cal. App. 4th 153, 157 (1991)...............................................................12
*Tilley v. Ampro Mortg.*
  2012 WL 33033, *4 (E.D. Cal. 2012).......................................................6

*Travers v. Louden*
   254 Cal. App. 2d 926, 929 (1967)....................................................14

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097, 1006 (9th Cir.2003)...............................................12

*Wang & Wang LLP v. Banco Do Brasil, S.A.*
   2007 WL 915232, *2 (E.D.Cal., 2007 ............................................12

**Statutes**

*Business and Professions Code § 17200* ...................................14, 15

*Business and Professions Code § 17204* .........................................15

*California Civil Code § 1689(b)(1)* .................................................10

*California Civil Code § 2923.5* ........................................................7

*California Civil Code § 2924* ...........................................................7

*California Civil Code § 2934* ...........................................................7

*California Code of Civil Procedure § 337* .........................................8

*California Code of Civil Procedure § 338(d)* ...................................11

*California Code of Civil Procedure § 761.020* .................................13

*California Code of Civil Procedure § 760.010(a)* .............................13

*California Code of Civil Procedure § 760.020(a)* .............................12

**Other Authorities**

B.E. Witkin, Vol. 4 Pleading §515, pg. 648 (WEST 5th Ed., 2008)..........................9

Moore's Federal Practice,  Vol. 2, ¶ 12.34 [4][a], [b] (3d ed. 2006) ........................4

**Rules**

FRCP Rule 8 ....................................................................................4

FRCP 12............................................................................................4

FRCP Rule 201 .................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On August 7, 2013, the Gilmers filed their complaint (the "Complaint"). The facts underpinning the Complaint's allegations center around: (1) a 2005 real property loan origination; (2) a 2009 real property loan modification (entered into after the Gilmers' previous default on repayment of the 2005 loan); and (3) claims of lack of standing against MERS and non-disclosure against Ocwen with regard to the 2005 loan.  The Complaint attempts to assert claims for relief for: (1) Cancellation and Restitution (of the original 2005 loan) based upon Breach of Contract (occurring at loan origination in 2005); (2) Fraud (occurring at loan origination in 2005); (3) Breach of Fiduciary Duty[1]; (4) Quiet Title; 5) Declaratory Relief; (6) Violation of California Business and Professions Code Section 17200; and (7) Violation of the Covenant of Good Faith and Fair Dealing.

By the Complaint's allegations, the Gilmers are now in default on their 2009 loan modification.  They allege that they are seeking a second loan modification and/or principal loan reduction, that they somehow are entitled to these things, and

---

[1] The third claim for relief for Breach of Fiduciary Duty is not brought against either Ocwen or MERS, but solely against "Finance America" (although Finance America is not named in the lawsuit and its alleged successor, Barclays, has been dismissed.)  Therefore, neither Ocwen nor MERS will respond directly to this claim.  However, the Complaint alleges that "Ocwen has breached its duty as a fiduciary…[and that the Gilmers] have been harmed by this breach." (Complaint, page 23, paragraph 115).  Ocwen owes no fiduciary duty to the Gilmers. The relationship between banks or lenders, and their loan customers is not a fiduciary one.  Oaks Management Corp. v. Sup. Ct., 145 Cal.App.4th 453, 466 (2006); Kim v. Sumitomo Bank, 17 Cal.App.4th 974, 979 (1993).  Unless a lender exceeds the scope of its conventional role as a mere lender of money, a lender does not owe fiduciary duties to its borrowers.  Nymark v. Heart Federal Savings and Loan Assn., 231 Cal.App.3d 1089, 1096 (1991).  "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.  The same principal should apply with even greater clarity to the relationship between a bank and its loan customers." Price v. Wells Fargo Bank, 213 Cal.App.3d 465, 476 (1989) (citations omitted).  The arm's length relationship between the parties to a mortgage loan transaction does not cease to exist at the time of consummation of the loan, but continues throughout the life of the loan, encompassing all actions concerning the servicing of the loan, including and any and all negotiations concerning modification of its terms and foreclosure on the collateral. See, Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902 (C.D. Cal. March 17, 2011) "modification is an activity that is "intimately tied to Defendant's lending role." Therefore, while the parties may engage in the process of negotiating for a loan modification or short sale, the servicer and the beneficiary are still pursuing their own economic interests in lending money and, therefore, owe no legal duty to the borrower. See, e.g., Dooms v. Federal Home Loan Mortg. Corp., 2011 WL 1232989, *8-9 (E.D. Cal., Mar. 31, 2011); Argueta v. J.P. Morgan Chase, 2011 WL 2619060, *5 (E.D. Cal., June 30, 2011).

---

-1-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1   that to date they have been unable to obtain them.  They allege that they were

2   wronged at loan origination in 2005 and loan modification in 2009, and therefore

3   they are entitled to cancel (and therefore rescind) their original loan or loan

4   modification without having to repay anyone any of the money they borrowed.

5        To the contrary, the Complaint fails to allege any factual or legal grounds (or

6   is contradicted either by its own admissions or by the very documents the Gilmers

7   agreed to and signed) to support any of their claims.  Thus, Ocwen's and MERS'

8   Motion to Dismiss must be granted.  Furthermore, because there is no way in

9   which the Gilmers can amend to state any viable claim for relief against either

10   Ocwen or MERS, Ocwen and MERS submit that their Motion must be granted

11   without leave to amend.

12   **II.     FACTUAL HISTORY AND COMPLAINT ALLEGATIONS**

13        The Gilmers acquired title to real property commonly known as 3008 Jojoba

14   Terrace, Palmdale, California 93550 (the "Real Property") via a grant deed

15   recorded June 17, 2005.  (Complaint, page 8, paragraph 18; Request for Judicial

16   Notice ("RJN"), Exhibit ("Ex.") A).  In order to finance that acquisition, they

17   borrowed $337,071.00 (the "Loan") from Finance America.  (Complaint, page 8,

18   paragraph 18 and 20).  The Loan was secured by a deed of trust ("Deed of Trust")

19   recorded concurrently with the grant deed against the Real Property on June 17,

20   2005.  (Complaint, page 8, paragraph 23; RJN, Ex. B).  That Deed of Trust

21   specifically states the Loan's repayment terms. The Loan was repayable interest

22   only at a fixed interest rate of 5.990% for the first two years (until July 1, 2007),

23   and thereafter the interest rate would adjust periodically.  Voluntary principal

24   repayments were allowed, as set forth in the Prepayment Rider.  (See, RJN, Ex. B,

25   pages 16 and 17, paragraph A, 4 (A), et. seq., and page 19 and 20 of 21).[2]

26

27

28   ────────────────
[2] The Gilmers also later obtained a Line of Credit from GMAC of up to $99,000, secured by a second Deed of Trust recorded in 2006.  (RJN, Ex. C).

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

The Complaint alleges (and admits) that the Loan's servicing first transferred to Citi Mortgage, then to GMAC until approximately May 15, 2012, when the Gilmers were advised that servicing transferred to Ocwen. (Complaint, page 5, paragraph 9; page 15, paragraph 59). The Complaint alleges that in 2009, the Gilmers experienced financial hardships. (Complaint, page 14, paragraph 54). So, in October 2009, they sought and obtained from GMAC a modification of the Loan (the "Loan Modification"). (Complaint, page 14, paragraph 56; RJN, Ex. D). The Loan Modification reduced the Loan's interest rate to 3.625%, and the monthly payments to $1,118.87, payable monthly beginning October 1, 2009 and continuing until July 1, 2014. Beginning with the August 1, 2014 payments would increase to include principal and interest, and interest would adjust as per the terms of the Loan Modification. The unpaid principal balance increased to $370,384.11, which "consist[ed] of the amounts loaned to [the Gilmers]…plus any accrued and unpaid amounts due under the Note or [Deed of Trust] capitalized by Lender." (RJN, Ex. D, page 3, paragraph 1). Pursuant to their agreements in the Loan Modification, the Gilmers acknowledged that GMAC was the lender/servicer or agent for the lender/servicer at the time of the Loan Modification, and that the Loan Modification remained secured by the Deed of Trust. (RJN, Ex. D, page 3). On June 7, 2013, an Assignment of Deed of Trust recorded, assigning beneficial interest in the Deed of Trust. (RJN, Ex. E).

The Complaint alleges now that the Loan Modification was "illusory" and that the lost value of the Real Property coupled with this "illusory" modification has forced them into default yet again. (Complaint, page 16, paragraph 75). The Complaint alleges that the Gilmers are seeking, and are somehow or for some reason entitled to, a second loan modification as well as a principal reduction in the Loan's principal balance. (Complaint, page 17, paragraph 77).

## III.   DISCUSSION

### A.   THE STANDARD TO BE APPLIED TO A MOTION TO DISMISS

The standard to be applied to a motion to dismiss for failure to state a claim

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is well-established:  a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of a claim which would entitle plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also, Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980);  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978) cert. denied, 441 U.S. 965 (1979).  Further, according to Moore's Federal Practice,  Vol. 2, ¶ 12.34 [4][a], [b] (3d ed. 2006):

> [d]ismissal under Rule 12 (b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief....Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint.

Additionally, where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal.  See, Balistreri v. Pacifica Police Department, 855 F.2d 1421, 1424 (9th Cir. 1988); Stinson v. Home Insurance Co., 690 F. Supp. 882, 886 (N.D. Cal.1988); Dack v. Shanman, 227 F. Supp. 26, 30 (S.D.N.Y. 1964) (dismissing complaint where count was so sketchy as to be unintelligible).  Further, in May 2009, the United States Supreme Court, in Ashcroft v. Iqbal, admonished that Federal Rule of Civil Procedure, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 662 556 U.S. 662, 129 S.Ct. 1937 (2009).  The Court made clear that "threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.  Id. at 1950.

Moreover, a court may take judicial notice of recorded loan and title documents, and their contents, if they are referenced in the complaint, and are thus deemed incorporated.  FRCP Rule 201, see also, Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds.  Finally, when amendment

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  would be futile, dismissal may be ordered with prejudice.  <u>Dumas v. Kipp,</u> 90 F.3d

2  386, 393 (9th Cir. 1996).

3  **B.    THE GILMERS' STANDING ALLEGATION AGAINST MERS**

4  **FAILS UNDER THE FACTS AND THE LAW.**

5          As a preliminary issue, the Gilmers assert that MERS lacks authority to

6  transfer ownership of the Note or Deed of Trust, and that they never received

7  notice that MERS had transferred any such interest.  (Complaint, page 3, paragraph

8  4; pages 21-22, paragraphs 109-111; Complaint page 19, paragraph 90).  In direct

9  contradiction of this allegation, the Gilmers expressly approved and authorized

10 MERS to transfer an interest or partial interest in the Loan without providing them

11 notice.  Specifically, paragraph 20 of the Deed of Trust states that "[t]he Note or a

12 partial interest in the Note (together with [the Deed of Trust]) can be sold one or

13 more times without prior notice to [the Gilmers]....There also might be one or

14 more changes of the Loan Servicer unrelated to a sale of the Note.  If there is a

15 change of the Loan Servicer, Borrower will be given written notice of the

16 change..."  (RJN, Ex. B, page 11 of 21, paragraph 20).  Also, the Gilmers

17 acknowledged and agreed that GMAC was the lender/servicer or an agent of the

18 lender/servicer when they entered into the Loan Modification. (RJN, Ex. D).  And

19 they admit receiving notice after GMAC's bankruptcy that Ocwen was their new

20 loan servicer.  (Complaint, page 5, paragraph 9; page 15, paragraph 59).

21 Moreover, they received constructive notice of the transfer of the Loan when the

22 Assignment recorded on June 7, 2013. (RJN, Ex. D). As such, the Complaint's

23 contentions regarding the inability to enforce the security interest are wholly

24 without merit and not grounds for any of the relief sought.

25          The Gilmers also seem to generally rely on the erroneous position that if the

26 Loan was securitized, Ocwen and MERS lost standing to enforce provisions, such

27 as default and foreclosure, under the Deed of Trust.  (<u>See, generally,</u> Complaint,

28

-5-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

pages 18-24, paragraphs 84-120). In <u>Bascos v. Federal Home Loan Mortgage Corp.,</u> 2011 WL 3157063 at *6 (C.D. Cal. July 22, 2011) the court held:

> [T]o the extent Plaintiff contends that defendants do not have the authority to foreclose because the loan was packaged and resold in the secondary market, this argument is rejected. <u>Lane v. Vitek Real Estate Industries Group,</u> 713 F.Supp.2d 1092, (E.D.Cal.2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."); <u>Benham v. Aurora Loan Services,</u> 2009 WL 2880232 at *3 (N.D.Cal. Sept.1, 2009) ("Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool.").
>
> To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan, as he is not an investor of the loan trust. The Deed of Trust expressly provides: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times *without* prior notice to Borrower."

<u>See also,</u> <u>Armeni v. America's Wholesale Lender,</u> 2012 WL 253967, *2 (C.D. Cal January 25, 2012); <u>Lindsay v. America's Wholesale Lender,</u> 2012 WL 83475, *3 (C.D. Cal. January 10, 2012); <u>Tilley v. Ampro Mortg.,</u> 2012 WL 33033, *4 (E.D. Cal. 2012). Here, the Gilmers purport to challenge an alleged securitization of the Loan, yet their argument has been summarily rejected by the courts.

Additionally, the following cases reject their theory that they can challenge standing based on any allegedly invalid assignment to the trust. In <u>Aniel v. GMAC Mortgage, LLC,</u> 2012 WL 5839706 *4-5 (N.D.Cal., 2012), the court held that borrowers lack standing to assert non-compliance with a PSA or that they were parties to, or third party beneficiaries of, these agreements. <u>See, Almutarreb v. Bank of New York Trust Co., N.A.,</u> 2012 WL 4371410, *2 (N.D.Cal.2012) (finding that because Plaintiffs were not parties to the PSA, they lack standing to challenge whether the loan transfer occurred outside the temporal bounds prescribed by the PSA) (citing cases); <u>see also, Sami v. Wells Fargo Bank,</u> 2012

-6-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  WL 967051, at *5–6 (N.D.Cal.2012) (rejecting claim "that Wells Fargo failed to

2  transfer or assign the note or Deed of Trust to the Securitized Trust by the 'closing

3  date,' and that therefore, 'under the PSA, any alleged assignment beyond the

4  specified closing date' is void" because the plaintiff lacked standing) (citing In re

5  Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (holding that debtors, as neither

6  parties to nor third party beneficiaries of a PSA, lack standing to challenge

7  mortgage assignment based on non-compliance with agreement)).

8      The Gilmers also have not identified any prejudice as a result of the

9  allegations regarding the alleged lack of standing.  They admitted defaulted on

10  both the Loan and Loan Modification. (Complaint, page 14, paragraph 54;

11  Complaint, page 15, paragraphs 65 and 66; Complaint, page 16, paragraph 69;

12  Complaint, page 16, paragraph 75).

13      Finally, there is no requirement that the assignment of any rights and

14  interests in a deed of trust be recorded at all. Cal. Civ. Code § 2934 ("assignment

15  of the beneficial interest under a deed of trust may be recorded") (emphasis added).

16  Recording an Assignment of the Deed of Trust serves to give the Gilmers

17  constructive notice of the assignment, but it is merely permissive, not mandatory.

18  Id., see also, Parcray v. Shea Mortg. Inc., 2010 WL 1659369, at *11-12.  No

19  statute requires an assignment to be recorded at any specific point in time, if at all.

20  Thus the Gilmers' allegations on this basis fail.

21 **C.   THE GILMERS' NON-DISCLOSURE ALLEGATION AGAINST**
22      **OCWEN FAILS.**

23      The Gilmers mis-cite California Civil Code Section 2923.5 for the

24  proposition that Ocwen is the improper holder of the Deed of Trust because they

25  never granted any interest to Ocwen.  First, Ocwen services the Loan and Loan

26  Modification.  It is not the beneficiary.  Second, under Section 2923.5, the power

27  of sale of foreclosure may be exercised only by an assignee beneficiary with an

28  acknowledged and recorded assignment.  However, foreclosure is not (yet) in issue

-7-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

in this lawsuit.  Even if it was, the only remedy available under this statute is a postponement of the sale before it happens.  <u>Mabry v. Sup. Ct.</u>, 185 Cal. App. 4th. 208, 220-21, 235 (2010).

Further, the Gilmers admit getting notice the Ocwen became the servicer after the GMAC bankruptcy.  (Complaint, page 5, paragraph 9; page 15, paragraph 59).  This admission is directly contradicts and defeats their claim that Ocwen is in violation of 12 U.S.C. Section 2605 (Complaint, page 19, paragraph 90).

**D.     THE GILMERS' FIRST CLAIM FOR RELIEF FOR RESTITUTION AND RECISSION BASED UPON BREACH OF CONTRACT FAILS.**

**1.     The Gilmers' claims are barred by the applicable statute of limitations.**

The statute of limitations for a breach of written contract claim in the State of California is four years.  Specifically, California Civil Procedure Code Section 337 provides:

> Within four years. 1. An action upon any contract, obligation or liability founded upon an instrument in writing.

Cal. Civ. Proc. Code § 337.

In this case, the Gilmers allege that the Finance America breached its contract with the Gilmers at the Loan's origination.  (<u>See,</u> Complaint, pages 27 and 28, paragraphs 129 through 134).  Therefore they claim they should be entitled to restitution and cancellation (and therefore rescission) of the Loan.  However, the Loan originated in June, 2005 – more than eight years before they filed their lawsuit.  Thus, each and every claim for breach of contract is time barred.

**2.     Notwithstanding being time barred, the breach of contract claim still fails.**

To support their breach of contract claim, the Gilmers allege that Finance America, the original lender, gave them a loan that they could not afford and did not understand.  (<u>See, e.g.,</u> Complaint, page 9, paragraphs 30 and 32; page 26, paragraph 125).  A cause of action for breach of contract requires a pleading of the following: (a) the contract; (b) Plaintiff's performance or excuse for non-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

performance; (c) Defendant's breach; and (d) damage to Plaintiff. B.E. Witkin, California Procedure, Vol. 4 Pleading § 515, p. 648 (West 5th Ed., 2008). "Where a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, 124 (1880). Additionally, the facts constituting the defendant's breach should be stated with certainty. Poirier v. Gravel, 88 Cal. 79, 82 (1891); Levy v. State Farm Mut. Auto Ins. Co., 150 Cal. App. 4th 1, 5 (2007). Finally, a court must disregard, and treat as surplusage, any pleading or allegation that contradicts the express terms of an exhibit incorporated into the complaint. Alphonzo E. Bell Corp. v. Bell etc Synd., 46 Cal. App. 2d 684, 691 (1941); Freeman v. San Diego Ass'n of Realtors, 77 Cal.App.4th 171, 178, fn 3 (1999).

With regard the Loan and its repayment terms, those terms are clearly spelled out in the Deed of Trust. (RJN, Ex. B). This directly contradicts the allegation that the Gilmers did not know or were not told what their Loan repayment terms were. Further, the Gilmers fail to plead performance or excuse for non-performance – indeed, they admit they defaulted on the Loan, obtained a Loan Modification which lowered the interest rate and loan repayment significantly, and now have defaulted on that Loan Modification. Thus, by their own admissions they have not performed under either the Loan or the Loan Modification, and they have not plead and reasons for excuse for non-performance. Further, they have failed to allege any breach by either Ocwen or MERS or how any alleged breach has harmed them.

3.   **Even if the Gilmers were entitled to restitution and cancellation/rescission, they would be required to tender all funds paid on their behalf.**

A party is entitled to unilaterally cancel and rescind a contract where the consent of the rescinding party was given by mistake or was obtained through

-9-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.  Cal. Civ. Code § 1689(b)(1)).  "A party to a contract cannot rescind at his pleasure, but only for some one or more of the causes enumerated in section 1689 of the Civil Code." <u>NMSBPCSLDHB v. Cnty. of Fresno,</u> 152 Cal. App. 4th 954, 959 (2007).  "[R]escission is an empty remedy without [Plaintiff's] ability to pay back what she has received." <u>Garza v. Am. Home Mortgage,</u> 2009 WL 188604, *4-5 (E.D. Cal. 2009).  Thus, to state a viable cause of action, a plaintiff must allege an offer to tender the loan proceeds to Defendants.  <u>Davenport v. Litton Loan Servicing, LP.,</u> 725 F. Supp. 2d 862, 880 (N.D. Cal. 2010).

Here, the Gilmers did not allege a tender.  In fact they allege they should not be required to return the parties to the status quo.  They have defaulted on the Loan as well as the Loan Modification.  <u>A fortiori,</u> they are not able to tender.

**4.    Neither Ocwen nor MERS are responsible for the acts of the loan originator and therefore cannot be held liable for the Gilmers' breach of contract claims accruing from loan origination.**

The Gilmers claims all center around allegations occurring at the time of origination of the Loan.  Neither Ocwen nor MERS originated the Loan – Finance America originated the Loan.  (Complaint, page 8, paragraph 20).  As such, they cannot be liable for allegations occurring loan origination.  Nor did Ocwen or MERS assume liability of loan origination from Finance America.

**E.    THE GILMERS' SECOND CLAIM FOR RELIEF FOR FRAUD FAILS.**

**1.    The claim for relief is barred by the applicable statute of limitations.**

Under California law, a fraud claim is subject to a three year limitations statute.  California Civil Procedure Code Section 338 (d) states:

Within three years: (d) An action for relief on the ground of fraud or

-10-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

Cal. Civ. Proc. Code § 338(d).

Here, the Gilmers claim that they were defrauded on the Loan by the original lender, Finance America, when they entered into the Loan in 2005. Yet, they filed their lawsuit over eight years after the Loan originated – well beyond the three year statute. Even assuming the application of the discovery rule, the three year statute has still run. Under the rule of discovery, the cause of action begins to accrue on the date a plaintiff first knew or should have known of the alleged harm. Jolly v. Eli Lilly and Co., 44 Cal.3d 1103, 1100 (1988). See also, 6 Witkin, Summary of California Law, section 1280 (Supp. 2013). By their own admission, the Gilmers knew of the alleged "fraud" no later than October 2009, when they received the Loan Modification. They admit and allege that they became aware "that they should not have been qualified for [the Loan] until…they received [the Loan Modification] from GMAC [in October 2009."] (Complaint, page 10, paragraph 35; see also, Complaint, page 12, paragraph 44). Thus, even assuming the benefit of the delayed discovery rule, the three year statute of limitations ran in October 2012 – long before the Gilmers filed their Complaint.

2.      **Notwithstanding being time barred, the fraud claim still fails.**

To establish a claim for fraud, a plaintiff must allege facts demonstrating "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." Bower v. AT & T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011); see also, Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 434 (2010). Under the heightened pleading requirements of Federal Rules of Civil Procedure, Rule 9(b), a party must state the circumstances constituting the fraud

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

with particularity.  Plaintiff must include the "who, what, when, where, and how" of the fraud.  <u>Vess v. Ciba-Geigy Corp. USA,</u> 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false. When asserting fraud against a corporation or other business entity, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  <u>Wang & Wang LLP v. Banco Do Brasil, S.A.,</u> 2007 WL 915232, *2 (E.D.Cal. 2007) (citing <u>Tarmann v. State Farm Mutual Automobile Insurance Company,</u> 2 Cal. App. 4th 153, 157 (1991)).

In this case, the Gilmers have failed to meet the requirements of specificity with regard to allegations of fraud.  They contend that they did not know what their repayments on the Loan would be.  (Complaint, page 9, paragraphs 30 and 32).  Yet the Deed of Trust they signed clearly states the repayment terms.  (<u>See,</u> RJN, Ex. B).  Further, the Gilmers allege that it was Finance America who allegedly misrepresented the Loan at origination, <u>not</u> Ocwen or MERS.  (<u>See,</u> Complaint, pages 29 through 30, paragraphs 139 through 144).  By their own admission and allegation, neither Ocwen nor MERS originated the Loan, nor were either Ocwen or MERS the original servicer of the Loan.  (Complaint, page 4, paragraph 8; page 5, paragraph 9; page 8, paragraph 20; page 13, paragraph 49).  And they admit that neither Ocwen nor MERS negotiated the Loan Modification.  (Complaint, page 10, paragraph 35).   Ocwen became the loan servicer after GMAC's bankruptcy in May 2012.  (Complaint, page 15, paragraph 59).  And neither Ocwen nor MERS are responsible for or liable for any alleged misconduct attributed to a predecessor in interest.

**F.      THE GILMERS' FOURTH CLAIM FOR QUIET TITLE FAILS.**

An action to quiet title is asserted to establish one's title against adverse claims to real or personal property or any interest therein. Cal. Civ. Proc. Code § 760.020(a).  An adverse claim includes any legal or equitable right, title, estate,

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

lien or interest in the property or a cloud on title.  Cal. Civ. Proc. Code § 760.010(a).  To plead a cause of action for quiet title, a complaint must be verified and must contain: (1) a legal description of the property and the street address or common designation, if any; (2) the title of the plaintiff as to which a determination of quiet title is sought; (3) the adverse claims to plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for determination of plaintiff's title against the adverse claims.  Cal. Civ. Proc. Code §761.020.

A plaintiff must also allege that he or she paid any debt owed on the property.  See, Sipe v. McKenna, 88 Cal. App. 2d 1001, 1006 (1948) ("[a] party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness"); Shimpones v. Stickney, 219 Cal. 637, 649 (1934) ("[a] mortgagor cannot quiet his title against the mortgagee without paying the debt secured"); see also, Solano v. America's Servicing Co., 2011 WL 4500874, *10 (E.D. Cal. 2011).  In the circumstances involving an attempt by the borrower to quiet title against the beneficiary, this means repaying the money borrowed before voiding the security for the loan.  Id.   In sum, the Gilmers' claim for quiet title fails because they have not plead and cannot plead that they satisfied the Loan or the Loan Modification.

## G.   THE GILMERS' FIFTH CLAIM FOR DECLARATORY RELIEF FAILS.

An action for declaratory relief will not lie to determine an issue which is already the subject of an existing claim.  California Ins. Guarantee Ass'n v. Sup. Ct., 231 Cal.App.3d 1617, 1623 (1991).

> "The declaratory relief statute should not be used for the purpose of anticipating and determining issues which can be determined in the main action. The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues."

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

<u>Id.</u> at 1624; citing <u>General of America Ins. Co. v. Lilly,</u> 258 Cal.App.2d 465, 470 (1968).

The Gilmers seek declaratory relief on precisely the same issues that are already before the court in the other claims, which is impermissible. Additionally, California courts have held that the main requirement for declaratory relief is a "present and actual controversy" between the parties. <u>City of Cotati v. Cashman,</u> 29 Cal. 4th 69, 80 (2009).   As set forth above, the Complaint does not contain any facts whatsoever as to an "actual and present controversy" between the Gilmers and either Ocwen or MERS.  Moreover, declaratory relief is only an actionable cause of action with regard to future conduct.  It is not a proper cause of action to address events that have already happened.  <u>Travers v. Louden,</u> 254 Cal. App. 2d 926, 929 (1967). Because each of the Gilmers' claims are premised on purported past wrongdoings (and none by either Ocwen or MERS), this request for declaratory relief fails.

**H.    THE GILMERS' SIXTH CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS.**

California Business and Professions Code Section 17200 prohibits any unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising. <u>Puentes v. Wells Fargo Home Mortg., Inc.,</u> 160 Cal. App. 4th 638, 643-44 (2008).  "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." <u>Saunders v. Sup.Ct.,</u> 27 Cal. App. 4th 832, 838 (1999).  "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." <u>Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,</u> 20 Cal.4th 163, 187 (1999).  When determining "whether the challenged

conduct is unfair within the meaning of the unfair competition law…, courts may not apply purely subjective notions of fairness." Id. at 184.  The "fraudulent" prong requires a showing of actual or potential deception to some members of the public, or harm to the public interest.  Id. at 180; see also, McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457 (2006).  "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation."  Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

The Gilmers claim for relief fails because they do not allege any facts to demonstrate conduct by Ocwen and MERS that could be classified as an unlawful, fraudulent, or unfair business act or practice, or any conduct that could constitute a violation of an antitrust law, or to violate the policy or spirit of such law, or that could be found to significantly threaten or harm competition.  In addition, the Gilmers claim fails because they do not allege any facts to demonstrate standing to allege such a claim against either Ocwen or MERS.  To have standing to allege a claim for violation of section 17200, a plaintiff must allege that he suffered an injury-in-fact as a result of the unfair competition. Cal. Bus. & Profs. Code § 17204;  Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373, 1384 (2010).

Lastly, their claim for relief fails because it is predicated on all other claims for relief, which all fail.  "[S]ection 17200 'borrows' violation of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable…"  Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 643-55 (2008).

## I.   THE GILMERS TENTH CLAIM FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING FAILS.

A "[b]reach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract."  Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga, 175 Cal. App. 4th 1306, 1344 (2009).  The Gilemrs

-15-

1    claim fails because they cannot allege performance or an excuse for
2    nonperformance of the contractual terms.  They were required to make monthly
3    loan payments.  However, they have admitted that they have defaulted on both the
4    Loan payments and the Loan Modification payments.  Thus, they have failed to
5    perform their contractual duty.  "One party to a contract cannot compel another to
6    perform while he himself is in default."  Durell v. Sharp Healthcare, 183 Cal. App.
7    4th 1350, 1367 (2010) (citations omitted).  Therefore, because they cannot allege
8    they performed under the terms of their Loan, they cannot pursue a cause of action
9    for breach of covenant of good faith and fair dealing.

10   **IV.    CONCLUSION**

11           For all of the reasons discussed above, Ocwen and MERS respectfully

12   requests that the court grant this Motion to Dismiss, <u>with prejudice</u>.

13

14                                               Respectfully submitted,

15                                               **WRIGHT, FINLAY & ZAK, LLP**

16   Dated: September 13, 2013        By:   */s/ Patricia L/ Penny*
17                                               T. Robert Finlay, Esq.
18                                               Patricia L. Penny, Esq.
                                                 Attorneys for Defendants, OCWEN
19                                               LOAN SERVICING, LLC;
                                                 MORTGAGE ELECTRONIC
20                                               REGISTRATION
21                                               SYSTEMS, INC.

22

23

24

25

26

27

28

-16-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# PROOF OF SERVICE

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On September 13, 2013, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Chad T.W. Pratt, Sr., Esq.
Tala Rezai, Esq.
REAL ESTATE LAW CENTER, PC
695 South Vermont Avenue, Suite 1100
Los Angeles, CA 90005
*Attorneys for Plaintiffs*

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E).

[X]   (Federal) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 13, 2013, at Newport Beach, California.

_____
Jovete Elguira